**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/19/15

ANA FAURE,

                                Petitioner,                    **15 Civ. 5128 (JGK)**

                - against -                                     **MEMORANDUM OPINION &**
                                                                **ORDER**

KENNETH DECKER ET AL.,

                                Respondents.

**JOHN G. KOELTL, District Judge:**

The petitioner, Ana Lissell Faure, has been a lawful

permanent resident of the United States since about 1993. See

Amended Pet. for Writ of Habeas Corpus ¶ 1.  In April 2001, Ms.

Faure pleaded guilty to conspiracy to distribute cocaine in

violation of 21 U.S.C. § 846.  In August 2003, Ms. Faure was

sentenced to three years' probation. Id. ¶ 17.

On April 27, 2015, agents from Immigration and Customs

Enforcement ("ICE") detained Ms. Faure based on the 2001

conviction. Id. ¶¶ 1, 15.  The Government claims that her

conviction renders her removable from the United States and that

8 U.S.C. § 1226(c) requires the Department of Homeland Security

("DHS") to arrest and detain without a bond hearing aliens who

have committed certain crimes, including violations of 21 U.S.C.

§ 846, pending their removal.  Ms. Faure has not received a bond

hearing since her detention in April 2015.

Ms. Faure now brings this petition for a writ of habeas corpus against her custodian and other various government officials pursuant to 28 U.S.C. § 2241. She seeks to require the respondents to provide a bond hearing at which they would be required to demonstrate that her continued detention is justified.

For the following reasons, the petition for a writ of habeas corpus is **granted**, and the respondents are ordered to release Ms. Faure unless they provide a hearing by **October 30, 2015** to determine whether her continued detention without bond is justified.

I.

According to the Amended Petition, Ms. Faure came to the United States when she was thirteen years old and has been a lawful permanent resident since about 1993. Amended Pet. ¶ 15. She is the owner and operator of a beauty salon and the primary provider for her family, which includes four children, ages 5, 9, 13, and 15, each of whom is a citizen of the United States. Id. ¶ 16.

In February 2001, Ms. Faure was arrested for involvement in a drug trafficking conspiracy run by Juan Oliver Ramirez, the father of her two eldest children. During the pendency of that case, Ms. Faure was released on bond. She was sentenced to three years' probation in August 2003, completed her term of

probation without incident in 2006, and has not been convicted
of a crime since that time. Id. ¶ 17.

On the basis of Ms. Faure's 2001 conviction, ICE agents
arrested Ms. Faure on April 27, 2015 and detained her pursuant
to 8 U.S.C. § 1226(c). That statute provides that "[t]he
Attorney General shall take into custody any alien who" is
removable based on certain enumerated grounds, including
qualifying criminal convictions "when the alien is released,
without regard to whether the alien is released on parole,
supervised release, or probation, and without regard to whether
the alien may be arrested or imprisoned again for the same
offense." 8 U.S.C. § 1226(c)(1). DHS has initiated removal
proceedings against Ms. Faure in the New York Immigration Court.
Amended Pet. ¶ 1. She is currently detained at the Orange
County Correctional Facility in Goshen, New York. Id.
According to the Government, her next individual hearing is
scheduled for January 21, 2016. See Connolly Ltr., Sept. 15,
2015, ECF No. 10, at 2. At that point, Faure will have been
detained without a bond hearing for at least nine months. Id.

**II.**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 2241
and 1331. Aliens detained under § 1226(c) are subject to
mandatory detention and typically not entitled to a bond hearing

before an immigration judge. See 8 U.S.C. § 1226(c); Louisaire
v. Muller, 758 F. Supp. 2d 229, 235 (S.D.N.Y. 2010).

Ms. Faure raises two statutory and two constitutional
challenges to her continued detention without a bond hearing.
First, Ms. Faure argues that she was never sentenced to a
custodial sentence for her removable offense and, therefore, was
never "released" for purposes of § 1226(c). See Amended Pet. ¶¶
19-20. Second, she argues that § 1226(c) applies only if DHS
detains someone immediately or within a reasonable time after
her release from criminal custody for a removable offense. Id.
¶ 21. Because Ms. Faure was not detained until twelve years
after she was convicted of a removable offense, she argues that
her circumstances do not satisfy the "when . . . released"
component of § 1226. Id. ¶ 27. Third, Ms. Faure argues that
detention without a hearing for a petitioner who has
successfully reintegrated into the community violates the Due
Process Clause of the Fifth Amendment to the United States
Constitution. See id. ¶¶ 29-30.[1] Fourth and finally, Ms. Faure
argues that application of § 1226(c) in her case violates the
Due Process clause of the Fifth Amendment because her specific
detention will soon become unconstitutionally prolonged. See
id. ¶¶ 31-36.

---

[1] The Fifth Amendment provides, in relevant part, that no person
shall be "deprived of life, liberty, or property, without due
process of law." U.S. Const. amend. V

4

For support, Ms. Faure cites this Court's recent decision in Gordon v. Shanahan, No. 15-cv-261 (JGK), 2015 WL 1176706 (S.D.N.Y. Mar. 13, 2015), which held that a petitioner's detention for more than eight months without a bond hearing was constitutionally unreasonable. Id. at *4.

In reaching that conclusion, this Court interpreted two Supreme Court decisions on the length of time that an alien may be detained without receiving a bond hearing. In Zadvydas v. Davis, 533 U .S. 678 (2001), the Supreme Court rejected a literal reading of 8 U.S.C. § 1231(a)(6), which provides that certain aliens who have been ordered to be removed may be detained "beyond the removal period and, if released, shall be subject to [certain] terms of supervision." The Supreme Court expressed concern that detention under § 1231(a)(6) could become indefinite. Id. at 682. The Court held that detention pursuant to § 1231(a)(6) is presumed reasonable for six months; after that, continued detention is unlawful "if (1) an alien demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future and (2) the government is unable to rebut this showing." Wang v. Ashcroft, 320 F.3d 130, 146 (2d Cir. 2003) (citing Zadvydas, 533 U.S. at 701)); see also Gordon, 2015 WL 1176706, at *3.

This Court also reviewed Demore v. Kim, 538 U.S. 510 (2003), where the Supreme Court considered the facial

constitutionality of § 1226(c).  In Demore, the Supreme Court
found that the Attorney General "may constitutionally detain
deportable aliens during the limited period necessary for their
removal proceedings" pursuant to § 1226(c).  Id. at 526.  It
distinguished Zadvydas because, for aliens awaiting removal
proceedings, "detention necessarily serves the purpose of
preventing deportable criminal aliens from fleeing prior to or
during their removal proceedings." Id. at 528. And, the Supreme
Court noted the brevity of pre-removal detention: "the detention
at stake under § 1226(c) lasts roughly a month and a half in the
vast majority of cases in which it is invoked, and about five
months in the minority of cases in which the alien chooses to
appeal." Id. at 530; see also Gordon, 2015 WL 1176706, at *3.

As this Court explained in Gordon, after Demore and
Zadvydas were handed down, federal courts have analyzed
constitutional challenges to the length of § 1226(c) detention
under either a "bright-line test," which holds that aliens
cannot be detained pursuant to § 1226(c) for more than six
months without a bond hearing, and a more flexible, fact-based
inquiry which determines "that after a certain point, detention
pursuant [to] § 1226(c) will become excessive" based on the
individual circumstances of each petitioner.  Gordon, 2015 WL
1176706, at *4 (collecting cases).

6

This Court concluded in Gordon that under either the bright-line test or the fact-dependent test, the petitioner's continued detention violated the Due Process Clause. See Gordon, 2015 WL 1176706, at *3, *5.

In a letter to the Court, the Government concedes that Ms. Faure will be detained for at least nine months at the earliest point that her proceedings could conclude, "at least one month longer than the petitioner in Gordon." Connolly Ltr. at 2. While the Government has appealed this Court's ruling in Gordon and takes the position that Ms. Faure's detention does not violate Due Process, "if . . . the Court is inclined to follow Gordon, the government recognizes that the Court is likely to find that Faure's continued detention does, or soon will, raise due process concerns." Id. The Government has therefore avoided rearguing Gordon.

The Court will follow the reasoning in Gordon. The conclusions are sound and required by the Due Process Clause. Here, the petitioner has been detained for about six months and will be detained for at least nine months before her proceedings could conclude, exceeding the six-month limit endorsed by courts that have adopted the bright-line test. This delay was not Ms. Faure's fault. See Gordon, 2015 WL 1176706, at *5. Furthermore, as in Gordon, here "[t]he Government has made *no* showing that [Ms. Faure's] continued mandatory detention is

7

reasonable." Id. at *4 (emphasis in original). There is no evidence that Ms. Faure poses a danger to the public or would flee during the pendency of the removal proceedings. See id. at *5. Indeed, the Government has made no effort in this case to present *any* reason for Ms. Faure's continued detention. In any event, "DHS can only determine whether [the petitioner] poses a risk of flight or danger to the community through an individualized bond hearing," Monestime v. Reilly, 704 F. Supp. 2d 453, 458 (S.D.N.Y. 2010), which she has heretofore been denied.

"Freedom from imprisonment---from Government custody, detention, or other forms of physical restraint---lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690; see also Gordon, 2015 WL 1176706, at *5. Accordingly, under either test, Ms. Faure's continued detention without a bond hearing violates the Due Process Clause. It is unnecessary to reach the other grounds urged in support of the petition.

### III.

For the foregoing reasons, the petition for a writ of

habeas corpus is **granted**, and the respondents are ordered to

release Ana Lissell Faure unless they provide a hearing by

**October 30, 2015** to determine whether her continued detention is

justified.

**SO ORDERED.**

**Dated:     New York, New York**
**           October 19, 2015**

John G. Koeltl
United States District Judge

9